THE CONTINENTAL CASUALTY CO. *v.* ACKERMAN.

■■■■■■■■

■■■■■■■■

(Decided May 1, 1935.)

■■■■■■■■

*Mr. John C. Carroll,* for plaintiff in error.
*Mr. W. J. Schwenck,* for defendant in error.

GUERNSEY, J. This is an error proceeding from the Court of Common Pleas of Crawford county. The plaintiff in error, The Continental Casualty Company, was defendant, and the defendant in error, Grace Lucille Ackerman, was plaintiff, in the trial court, and they will be hereinafter referred to in the relation in which they appeared in that court.

This action was originally brought by Grace Lucille Ackerman against Hazel Dinkle and The Continental Casualty Company. In her petition plaintiff alleges in substance that she became of full age on November 2, 1932, and that some time prior to that time, to wit, on or about the twenty-ninth day of July, 1924, the defendant Hazel Dinkle was by the Probate Court of Crawford county, Ohio, duly appointed guardian of the person and estate of the plaintiff and one Clinton W. Ackerman, a brother of plaintiff; that prior to such appointment the defendant, The Continental Casualty Company, executed a bond in the sum of $4,000 with the said Hazel Dinkle and caused the same to be filed in the Probate Court of Crawford county, Ohio, where the same was approved, and that a copy of the bond is attached to the petition, made a part thereof, and marked "Exhibit A."

Plaintiff further alleges that subsequent to the filing and approving of the above mentioned bond Clinton W. Ackerman arrived at the age of majority and a settlement was made with him, that said bond above mentioned was ordered reduced by the Probate Court after

settlement had been made with said Clinton W. Acker-
man, that thereafter on the eleventh day of November,
1925, the defendant Hazel Dinkle, still acting as guard-
ian for plaintiff, together with The Continental Cas-
ualty Company, executed and delivered another bond
in the sum of $2,000, which bond was duly filed and
approved by the Probate Court of Crawford county,
Ohio, which was conditioned "that if the said Hazel
Dinkle shall forthwith discharge all her duties as such
guardian as required by law, then this obligation shall
be void; otherwise to remain in full force and effect."
It is further alleged in the petition that the above men-
tioned bond is now in full force and effect, a copy of
the bond, which is in the ordinary statutory form of
guardians bond, being attached to the petition, marked
"Exhibit B", and made a part thereof.

It is further alleged in the petition that on the thir-
tieth day of November, 1932, after plaintiff became of
age, the defendant Hazel Dinkle filed in the Probate
Court of Crawford county, Ohio, her final account,
wherein she charges herself as such guardian, in the
sum of $1,538.14, and credits herself with having paid
out the sum of $24.50, leaving a balance due the plain-
tiff herein in the sum of $1,513.64, which account was
adjudged settled and approved by said court, the court
finding that there was due the plaintiff the sum of
$1,513.64.

The petition further alleges that plaintiff demanded
payment of such sum in the hands of such guardian,
but that she has failed to pay plaintiff the sum of
$1,513.64, or any part thereof; that all of such sum
last above mentioned, in the hands of defendant Hazel
Dinkle, as such guardian, is represented by promis-
sory notes given by one Samuel J. Dinkle, husband of
Hazel Dinkle, and that the notes are unsecured and
Samuel J. Dinkle is without property, making the
notes uncollectible, for which reason the notes are of

no value; and that defendant Hazel Dinkle breached the condition of the aforesaid bond, has defaulted, and is now in default.

Plaintiff prays for judgment against the defendants in the sum of $1,513.64, together with interest thereon from the thirtieth day of November, 1932, and for costs.

The defendant Continental Casualty Company, before filing its answer to the petition, filed a motion in the trial court to make parties defendant Mrs. J. W. Ackerman and Mr. Samuel J. Dinkle. This motion was granted by the court and summons was issued for and served on Mrs. J. W. Ackerman, who is now Mrs. Charles Sharp, and upon Mr. Samuel J. Dinkle, the summons reciting that they have been made parties defendant in the case of Grace Lucille Ackerman v. Hazel Dinkle and the Continental Casualty Company.

The Continental Casualty Company thereafter filed its answer in the cause in which it admitted the age of the plaintiff and that Hazel Dinkle was guardian of plaintiff and her brother, the execution of the two bonds as set forth in the petition, that a final account was filed by Hazel Dinkle in which a balance of $1,538.14 was found to be due the plaintiff, and that nearly all the foregoing amount of money is represented by promissory notes given by Samuel J. Dinkle, the notes representing money loaned Samuel J. Dinkle by Hazel Dinkle. Further answering, the defendant Continental Casualty Company denied any liability for any amount of money by reason of its having signed the two aforementioned bonds.

For its first defense to the petition of the plaintiff the defendant, The Continental Casualty Company, alleged that on the twelfth day of September, 1924, Hazel Dinkle, loaned her husband, Samuel J. Dinkle, the sum of $1,000, such loan being concluded prior to its liability on its bond, the bond being ap-

proved by the Probate Court of Crawford county, Ohio, on the sixteenth day of September, 1924. The defendant further alleged that such amount of money was loaned through an agreement and by collusion with Hazel Dinkle, Samuel J. Dinkle and the plaintiff, the plaintiff consenting to the loan and benefiting thereby.

For its second defense to the petition of the plaintiff the defendant casualty company alleged that Hazel Dinkle on the twenty-second day of December, 1925, loaned to her husband the sum of $294.07, and that later, on the twelfth day of January, 1926, Hazel Dinkle loaned her husband the sum of $150, and that both loans were made with the knowledge of the plaintiff and through collusion with the defendants, Hazel Dinkle and Samuel J. Dinkle, to defraud the defendant.

No allegations are made in the answer with reference to any liability of Mrs. J. W. Ackerman, now Mrs. Charles Sharp, or of Samuel J. Dinkle, on any bond given in the matter of such guardianship or as to any relief to which the defendant Continental Casualty Company might be entitled as against Mrs. J. W. Ackerman or Samuel J. Dinkle, and there is no prayer for relief as to either of them.

Following the filing of this answer Mrs. J. W. Ackerman, now Mrs. Charles Sharp, filed her answer, and in it she denied that she was in any way indebted or obligated to the plaintiff, Grace Lucille Ackerman.

In addition to the facts conceded in the pleadings, the following facts are disclosed in the evidence:

On July 29, 1924, Hazel Dinkle was, by the Probate Court of Crawford county, Ohio, appointed guardian of the persons and estates of her sister and brother, to wit, Grace Lucille Ackerman and Clinton Ackerman, minors. Hazel Dinkle qualified, and gave bond, approved by the court, in the sum of $6,000, with her

husband, Samuel J. Dinkle, and one Mrs. J. W. Ackerman as sureties. On August 20, 1924, Mrs. J. W. Ackerman filed an application to be released as surety on the aforementioned bond. Said application was filed in the Probate Court on the fifth day of September, 1924, and alleged in substance that Mrs. J. W. Ackerman would be liable for any misapplication of funds and that therefore she desired to be released. Hearing on such application was set by the court for the twelfth day of September, 1924. There is no court record showing hearing on that date, but on the sixteenth day of September, 1924, the record of the Probate Court shows that Mrs. J. W. Ackerman was released from her obligation, and that a bond signed on September 12, 1924, by the Continental Casualty Company, in the amount of $4,000, was approved by the court, a copy of such bond being attached to the petition as plaintiff's "Exhibit A."

Further, that on the twelfth day of September, 1924, the guardian, Hazel Dinkle, loaned her husband Samuel J. Dinkle the sum of $1,000 and took a promissory note in said amount signed by Samuel J. Dinkle as the only evidence of the loan.

It is further disclosed in the evidence:

That on September 10, 1925, Clinton Ackerman having become of age, the bond was reduced to $2,000, the reduced bond being signed and approved by the court on the eleventh day of November, 1925.

That on December 22, 1925, Hazel Dinkle loaned her husband Samuel J. Dinkle the sum of $294, taking his promissory note in that amount.

That on the twelfth day of January, 1926, Hazel Dinkle loaned her husband Samuel J. Dinkle the sum of $150, taking his note in that amount.

That all the loans mentioned were made without authorization from the Probate Court.

That Hazel Dinkle filed her final account as such

guardian on November 30, 1932, and that such account listed as due the ward from the guardian the sum of $1,513.64, this sum representing the amount loaned by the guardian to her husband.

The case was tried to the court, a jury being waived, and the court rendered judgment against the defendants Hazel Dinkle and Continental Casualty Company for the sum of $1,609.49, that being the amount of principal and interest due, and dismissed Mrs. J. W. Ackerman and Samuel J. Dinkle as parties defendant in the action. Motion for new trial was filed and overruled, and judgment entered. This proceeding in error is brought by the defendant Continental Casualty Company to reverse the judgment.

There are a number of assignments of error in the petition in error, but in the brief of plaintiff in error filed herein the only errors specified, which under the statute will be the only ones considered, are:

1. That the judgment is contrary to law in that since the bond signed by the plaintiff in error as surety was not approved by the Probate Court until September 16, 1924, no liability attached thereon for the illegal loan of $1,000 concluded on September 12, 1924, although the bond was signed by the plaintiff in error on that date; and that the original bond on which Mrs. J. W. Ackerman was surety stands as security for the funds represented by such illegal loan, and the court therefore erred in dismissing Mrs. J. W. Ackerman as a party defendant.

2. That the testimony of the guardian and the ward discloses an underlying *scienter* of fraud in the loans so made, in that the guardian, her husband, and the ward, her sister, occupied the same home, and the ward knew of the loans so made and that personal debts of the guardian and her husband were paid with the money belonging to the ward.

The assignments of error will be considered in the order mentioned.

(1.) The plaintiff in error relies on the case of *Eichelberger* v. *Gross,* 42 Ohio St., 549, as supporting its contention of non-liability for the funds represented by the thousand dollar loan of September 12, 1924. The first subdivision of the syllabus in that case reads:

"A guardian of the person and property of a minor, having received, after giving bond, money belonging to his ward, and embezzled the same, the subsequent discharge of the surety in such bond, and the acceptance, by the probate court, of a bond with other surety, in lieu of the first bond, will not exonerate such surety in the first bond with respect to the money so embezzled, but he will be liable upon the ground that the guardian failed to faithfully perform his duties."

The case relied on by the plaintiff in error is distinguished in the opinion in the case of *Foster, Admx.,* v. *Wise, Admr.,* 46 Ohio St., 20, at page 25, 16 N. E., 687, in the following language:

"The sureties upon the second bond having been relieved by the court upon the motion of one of them, the principal, Pomerene, was required to give a new bond, which he did by executing the one in suit with the defendant H. H. Hatch and the intestate of the defendant Harriett L. Foster as sureties thereon; and the court having found that prior to this time, the executor had collected all the assets and converted them to his own use, it is now claimed, that the sureties on the bond in suit are not liable therefor. In other words, their claim is, that they are only liable for such assets as were converted by the executor after the execution of the bond on which they are sureties, and that the sureties on the prior bonds are alone liable for such as were converted before. This we think is not tenable. The case relied on, *Eichelberger* v. *Gross,*

42 Ohio St., 549, is not in point. There the suit was on the first bond that had been given by a guardian, and the sureties on it were held liable for an embezzlement of the funds by the guardian before the second bond was given. All that is there said as to the liability of the sureties upon the second bond was outside of the case and mere *obiter*. The obligation of the bond is the thing to be considered. * * * The discharge of this obligation required that the executor should administer the estate as required by the law and the will, or deliver it to his successor to be so administered, should he resign or be removed. The fact that prior to executing the bond he had converted the assets to his own use, in no way affected the obligation to account for all that had been received by him belonging to the estate; and it was to secure this obligation that the bond was required and given.''

And the syllabus of the *Wise case, supra,* is as follows:

''1. The sureties on an administration bond, given by an executor who has been removed, are liable thereon to the administrator appointed in his place for the indebtedness of such executor to the estate for assets received by him and converted to his own use; and a recovery may be had therefor by the successor in a suit on the administration bond. *Slagel* v. *Entrekin,* 44 Ohio St., 637, approved and followed.

''2. An executor gave a new bond as required by the probate court, on the motion of his sureties on the prior bond to be relieved under section 6204 of the Revised Statutes. Subsequently the executor was removed by the court, and an administrator with the will annexed was appointed in his place. Prior to giving the new bond, which was in the form required by section 5996 of the Revised Statutes, the executor had collected and converted to his own use all the assets of the estate. *Held:* That the sureties on the new bond

are liable for the indebtedness of the executor to the estate for all the assets so collected and converted to his own use.''

The *Wise case, supra,* is followed in the case of *Corrigan* v. *Foster, Admx.,* 51 Ohio St., 225, 37 N. E., 263, the first subdivision of the syllabus of which is as follows:

''Where successive bonds, with different sets of sureties, have been given by an executor, and a *devastavit* has occurred before the execution and approval of any of the bonds, the liability of the sureties in the subsequent bonds is secondary to that of the sureties on the bonds subsisting and in force at the time the estate was wasted, and if the former have made good the loss, they may recover against the latter the full amount paid by them on account thereof.''

Applying these rules to the facts in the case at bar it appears that the plaintiff below had a right to hold either the original bond, on which Mrs. Ackerman was surety, or the successor bond, on which Continental Surety Company was surety, liable for the loss sustained by her by reason of the illegal thousand dollar loan, and that the Continental Casualty Company, in the event of and upon payment of such liability, had the right to recover against Mrs. Ackerman as surety on the original bond the full amount paid by it on account of the wastage of the estate which occurred during the time the bond upon which Mrs. Ackerman was surety was subsisting. Whether the right of the casualty company against Mrs. Ackerman could have been preserved or enforced in this action is not subject to determination, and is not here determined, for the reason that in the pleadings filed there are no allegations upon which such liability might be determined or enforced.

As the Continental Casualty Company, as between the plaintiff and it, was liable to plaintiff on said bond

for such wastage, and as there were no pleadings in the case which would authorize the granting of any affirmative relief against Mrs. Ackerman, the judgment of the trial court against the defendant Casualty Company, dismissing Mrs. Ackerman as a party defendant, was proper and not contrary to law.

(2.) There is no evidence in the record tending to prove any collusion between the plaintiff, her guardian and the husband of the guardian in the making of such loan, the evidence going no further than tending to prove knowledge by her of the making of such loan, and it is difficult to conceive of a state of facts where a ward during minority, while under guardianship, could be guilty of collusion with the guardian in the wastage of funds of the trust estate, which would preclude her from recovering the amount of such wastage from her guardian and the surety on the guardian's bond.

Holding these views, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

KLINGER and CROW, JJ., concur.